# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

REMARO L. CURRY-SMITH,

      *Plaintiff*,

CASE NO. 18-11803
DISTRICT JUDGE LINDA V. PARKER
MAGISTRATE JUDGE PATRICIA T. MORRIS

v.

COMMISSIONER OF SOCIAL SECURITY,

      *Defendant*.

_____/

## REPORT AND RECOMMENDATION TO DISMISS THE CASE FOR FAILURE TO PROSECUTE AND FOR FAILURE TO PAY FILING FEE AS ORDERED

### I.  RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that this case be **DISMISSED** for Plaintiff's failure to prosecute under Fed. R. Civ. P. 41(b) and Eastern District of Michigan Local Rule 41.2.

### II.  REPORT

#### A. Background

Plaintiff Remaro L. Curry-Smith—who is represented by counsel—filed suit against the Commissioner of Social Security on June 6, 2018, seeking review of Defendant's denial of his application for benefits under the Social Security Act. (Doc. 1). The same day, Plaintiff filed an application to proceed in forma pauperis. (Doc. 2). The Court ordered Plaintiff to show cause by June 22, 2018, why it should not recommend his application be denied, considering that "Plaintiff left all questions unanswered[,] simply writing 'None'."

(Doc. 3). The Order warned that failure to show cause could result in denial of his application. (*Id.*). But June 28 came and went with no response from Plaintiff, and on July 9, 2018, the undersigned Magistrate Judge issued a report and recommendation that Plaintiff's application to proceed in forma pauperis be denied. (Doc. 5). On August 2, 2018, the District Court adopted that report and recommendation and denied Plaintiff's application. (Doc. 6).

Thus, that same day, the undersigned issued an order notifying Plaintiff that he was responsible for paying the filing fee in full by August 9, 2018, and that failure to do so could result in dismissal of his case. (Doc. 7). As of August 20, 2018, Plaintiff has not paid his filing fee or had any further communication with the Court.

This matter is before the undersigned Magistrate Judge by order of reference for issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (Doc. 3).

### B. Discussion

#### 1. Failure to prosecute

Federal courts may *sua sponte* dismiss a complaint where the plaintiff fails to prosecute or comply with the court's orders under Federal Rule of Civil Procedure 41(b). *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. Additionally, LR 41.2 provides that when "the parties have taken no action for a reasonable time, the court may,

on its own motion after reasonable notice . . . enter an order dismissing or remanding the case unless good cause is shown."

The Sixth Circuit is guided by four factors in determining whether a case should be dismissed for want of prosecution pursuant to Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015) (quotation omitted).

In this case, the majority of the factors counsel dismissal. First, Plaintiff's failure to execute his duties or comply with the court's order looks very much like willfulness, bad faith, or fault. He has twice now failed to comply with Court orders. (Docs. 4 and 7). In fact, Plaintiff has been entirely absent in the case since his initial filing several months ago, in June 2018. (Doc. 1). If the failure is due to the attorney's conduct rather than the Plaintiff, Plaintiff is nonetheless bound by the actions of his attorney, whether those actions are well-taken or alleged to be malpractice. *Casey v. Albertson's, Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962) (noting that in the 41(b) context, "if an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice.").

As for the second factor, since the court has no reason to believe Defendant is aware of this suit, Plaintiff's failure to prosecute does not seem to have caused Defendant any special prejudice. This factor does not weigh in favor of dismissal.

The third factor weighs heavily against Plaintiff, as he was warned that refusal to comply with the Court's August 2, 2018, order to pay his filing fee in full could result in a recommendation that the case be dismissed. (Doc. 7).

Finally, as Plaintiff has been absent from this case since his initial filing in June, several months ago, and has been warned that his continued absence could result in dismissal, it is unclear that a sanction less than dismissal would have any impact. In light of the above factors, I suggest this case is suitable for dismissal under Rule 41(b).

### III.   REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  August 23, 2018                          S/ PATRICIA T. MORRIS
                                                Patricia T. Morris
                                                United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: August 23, 2018                           By s/Kristen Castaneda
                                                Case Manager